IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REEDA WALLS, ) | |
| ) | |
| Plaintiff, ) | Case No. 17 C 5342 |
| ) | |
| v. ) | Judge: Jorge L. Alonso |
| ) | |
| VELOCITY INVESTMENTS, LLC, a New ) | |
| Jersey limited liability company, ) | |
| ) | |
| Defendant. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, VELOCITY INVESTMENT, LLC, by and through its attorneys, Justin M. Penn and Raven B. Mackey of Hinshaw & Culbertson LLP, and in Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

**ANSWER:** **Defendant does not contest jurisdiction in this case, but denies any allegations in paragraph 1 to the extent they infer the existence of facts supporting a claim for relief against Defendant.**

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**ANSWER:** **Defendant does not contest venue in this case.**

### PARTIES

3. Plaintiff, Reeda Walls ("Walls"), is a citizen of the State of Missouri, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a Prosper Funding, LLC account, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

**ANSWER: Upon reasonable inquiry, Defendant lacks knowledge and information sufficient of form a belief as to the truth or falsity as to whether Plaintiff is a Missouri citizen. The remaining allegations in paragraph 3 purport to state conclusions of law which do not require a response. To the extent a response is required, upon reasonable inquiry, the knowledge and information available to Defendant renders it unable to form a belief as to whether it acted as a debt collector as defined by the FDCPA with respect to the Plaintiff because it does not know the nature of the Plaintiff's underlying debt. Defendant denies the remaining allegations in paragraph 3 not expressly admitted herein.**

4. Defendant, Velocity Investments, LLC ("Velocity"), is a New Jersey limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts that it did not originate. Velocity operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Velocity was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

**ANSWER: Defendant admits that Velocity is a New Jersey limited liability company that in certain instances and in certain circumstances utilizes the mail and/or telephone to attempt to collect consumer debts from consumers in the State of Illinois. The remaining allegations in paragraph 4 purport to state conclusions of law which do not require a response. To the extent a response is required, Defendant denies same, specifically denying that Velocity acted as a debt collector.**

5. Defendant Velocity is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant Velocity's principal, if not sole, business purpose is the collection of delinquent consumer debts originated by others.

**ANSWER: Defendant denies that the information contained in paragraph 5 accurately characterizes the nature of Velocity's business.**

6. Defendant Velocity is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Velocity conducts business in Illinois.

**ANSWER: Defendant objects to these allegations to the extent they seek legal conclusions to which no response is required. If a response is required, Defendant admits that is authorized to conduct business in Illinois and maintains a registered agent here. In further answering Defendant admits that Plaintiff attaches as Exhibit A to the Complaint what purports to be true and accurate copy of record from the Illinois Secretary of State. Defendant denies any remaining allegations.**

7. Moreover, Defendant Velocity is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a debt collection agency in Illinois by trying to collect debts from tens of thousands of persons in Illinois via collection letters, phone calls and lawsuits.

**ANSWER: Defendant admits that it is licensed as a collection agency in Illinois from the Illinois Division of Professional Regulation. In further answering, Defendant admits that in some circumstances and in some instances it acts as debt collection agency in Illinois, but lacks knowledge and information sufficient to form a belief as to the truth or falsity of whether it acted as a debt collection agency with respect to Plaintiff. Defendant admits that Plaintiff attaches as Exhibit B to the complaint what purports to be true and accurate copy of Defendant's collection agency license. Defendant denies these allegations characterize the nature and scope of its business. Defendant denies any remaining allegations.**

## FACTUAL ALLEGATIONS

8. Ms. Walls is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Prosper Funding account. At some point in time after that debt became delinquent, Defendant Velocity allegedly bought Ms. Walls' Prosper Funding debt, and when Defendant began trying to collect this debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program Defendant's collection actions.

300343856v1 3000

**ANSWER:** **Defendant admits that at some point in time it obtained the outstanding financial obligation owed by Plaintiff. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.**

9. Specifically, Defendant Velocity sent Ms. Walls a collection letter, dated December 22, 2016, demanding payment of the Prosper Funding debt. A copy of this letter is attached as Exhibit C.

**ANSWER:** **Defendant admits that Plaintiff attaches what purports to be a true and accurate copy of a December 22, 2016 letter sent to Plaintiff as Exhibit C to the Complaint. Defendant denies any remaining allegations.**

10. Accordingly, on February 23, 2017, one of Ms. Walls' legal aid attorneys at LASPD informed Defendant Velocity that Ms. Walls was represented by counsel, and directed Defendant Velocity to cease contacting her, and to cease all further collection activities because Ms. Walls was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this letter is attached as Exhibit D.

**ANSWER:** **Defendant admits that Plaintiff attaches what purports to be a true and accurate copy of a February 23, 2017 letter sent to Defendant as Exhibit D to the Complaint. Defendant denies any remaining allegations.**

11. Undeterred, Defendant Velocity then had another debt collector, CKS Financial, send a collection letter, dated June 13, 2017, directly to Ms. Walls, demanding payment of the Prosper Funding debt. A copy of this letter is attached as Exhibit E.

**ANSWER:** **Defendant admits that Plaintiff attaches what purports to be a true and accurate copy of a June 13, 2017 letter sent to Plaintiff as Exhibit E to the Complaint. Defendant denies any remaining allegations.**

12. Accordingly, on July 17, 2017, Ms. Walls' LASPD attorney had to again inform Defendant Velocity that they represented Ms. Walls and that Velocity should cease communications and cease collections. A copy of this letter is attached as Exhibit F.

300343856v1 3000

**ANSWER: Defendant admits that Plaintiff attaches what purports to be a true and accurate copy of a July 17, 2017 letter sent to Defendant as Exhibit F to the Complaint. Defendant denies any remaining allegations.**

13. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand that collection communications cease, Defendant's continued collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

**ANSWER: Defendant denies the allegations of this paragraph.**

14. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

**ANSWER: Defendant denies the allegations of this paragraph.**

15. Defendant's collection actions complained of herein (Exhibit E) occurred within one year of the date of this Complaint.

**ANSWER: Defendant, upon reasonable inquiry, lacks knowledge and information sufficient to form a belief as to the truth or falsity of these allegations because they are not certain to which collections actions they refer. Defendant states that Exhibit E is dated within one year prior to the filing of the instant lawsuit.**

16. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER: Defendant denies that *Gammon v. GC Services* sets forth the appropriate legal standard by which FDCPA claims are reviewed.**

300343856v1 3000

## COUNT I

### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

**ANSWER:** **Defendant adopts its answers to paragraphs 1-16 as its answer to paragraph 17 as if fully stated herein.**

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

**ANSWER:** **Defendant admits that Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, but denies any and all allegations that it violated this or any provision of the FDCPA.**

19. Here, the letter from Ms. Walls' agent/attorney, LASPD, told Defendant to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant violated § 1692c(c) of the FDCPA.

**ANSWER:** **Defendant denies the information contained in this paragraph.**

20. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**ANSWER:** **Defendant denies violating the FDCPA or any other state or federal law and therefore denies Plaintiff is entitled to the requested relief.**

## COUNT II

### Violation Of § 1692c(a)(2) Of The FDCPA –Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

300343856v1 3000

**ANSWER:** **Defendant adopts its answers to paragraphs 1-16 as its answer to paragraph 21 as if fully stated herein.**

22.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

**ANSWER:** **Defendant admits that Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, but denies any and all allegations that it violated this or any provision of the FDCPA.**

23.     Defendant knew that Ms. Walls was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendant, in writing, that Ms. Walls was represented by counsel, and had directed a cessation of communications with Ms. Walls (Exhibit D). By directly sending Ms. Walls a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

**ANSWER:** **Defendant denies the information contained in this paragraph, and specifically denies violating the FDCPA.**

24.     Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**ANSWER:** **Defendant denies violating the FDCPA or any other state or federal law and therefore denies Plaintiff is entitled to the requested relief.**

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant asserts the following defenses to Plaintiff's Complaint and reserves the right to amend or supplement these defenses as further information becomes available through discovery:

300343856v1 3000

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to assert the claims because Plaintiff has not been harmed or suffered "injury in fact" by the alleged conduct at issue regardless of whether plaintiff seeks only statutory damages. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff cannot allege a bare procedural violation under a federal statute, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

**SECOND AFFIRMATIVE DEFENSE**

The alleged claims in the Complaint are barred because any alleged actions by Defendant were taken in good faith; alleged violations, if any, were unintentional and resulted despite the existence of procedures reasonably adopted to avoid any violations of the statutes Plaintiff relies upon.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim and/or cause of action upon which relief may be granted and plaintiff's claims are barred in whole or in part because plaintiff fails to state claims upon which relief may be granted.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or diminished due to plaintiff's failure to mitigate damages.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff may have entered into an agreement with the creditor, wherein the Plaintiff agreed to arbitrate any and all disputes or claims, including those claims being asserted in this case, such that the claims of Plaintiff is subject to a valid and enforceable arbitration provision.

300343856v1 3000

WHEREFORE, Defendant, VELOCITY INVESTMENTS, LLC, respectfully requests that judgment be entered in its favor and against Plaintiff, and that this Court enter such further relief as is just, necessary and proper.

                                                Respectfully submitted,

                                                HINSHAW & CULBERTSON LLP

                                                /s/*Raven B. Mackey*
                                                Raven B. Mackey

Justin M. Penn
Raven B. Mackey
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
Telephone: 312-704-3000
Facsimile: 312-704-3001
jpenn@hinshawlaw.com
rmackey@hinshawlaw.com

9

**CERTIFICATE OF SERVICE**

  I, an attorney, hereby certify that on August 28, 2017, I electronically filed Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel/parties of record.

            /s/*Raven B. Mackey*
            Raven B. Mackey

300343856v1 3000